UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                              Plaintiff,

          -against-

CHARLES GRAY,

                              Defendant.

1:20-CV-1588 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

       Plaintiff Renzer Bell of Georgia, who appears *pro se*, asserts claims against Charles Gray of California under both the Court's federal-question and diversity jurisdiction, and he seeks damages. By order dated March 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on Gray.

       Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Gray until the Court reviewed the complaint and ordered that a summons be issued for Gray. The Court therefore extends the time to serve Gray until 90 days after the date that a summons is issued for Gray. If the complaint is not served on Gray within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Gray through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Gray. The Clerk of Court is further instructed to issue a summons for Gray, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Gray.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue a summons for Defendant Charles Gray, complete a USM-285 form with the service address for Gray, and deliver all documents necessary to effect service on Gray to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 25, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**DEFENDANT AND SERVICE ADDRESS**

Charles Gray
3574 Multiview Drive
Los Angeles, California 90068