UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
RENZER BELL, :
:
                Plaintiff, :
: 20-CV-1588 (JPC)
     -v- :
: ORDER
CHARLES GRAY, :
:
                Defendant. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The docket reflects that Plaintiff Renzer Bell commenced this action by filing a Complaint against Defendant Charles Gray on February 24, 2020. (Dkt. 2). On March 23, 2020, the Honorable Colleen McMahon granted Plaintiff's request to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (Dkt. 3). The case was reassigned to the Honorable Lorna G. Schofield on March 24, 2020. The next day, Judge Schofield directed the U.S. Marshals' Service to effect service on Defendant. (Dkt. 5). On July 20, 2020, the U.S. Marshals' Service sent a status update to the Court, explaining that a summons packet was sent in April 2020, but Defendant has failed to return an Acknowledgement of Receipt. (Dkt. 17). The U.S. Marshals' Service explained that at the time, because of circumstances related to the COVID-19 pandemic, "all personal service of civil process has been suspended until further notice." (*Id.*). Subsequently, a new summons was reissued and mailed to Defendant Charles Gray on August 19, 2020. On August 18, 2020, given the difficulties of effecting service on Defendant by regular means, Plaintiff requested that the Court grant leave to effect service on Defendant by email. (Dkt. 21). On August 20, 2020, the Court denied the request without prejudice. (Dkt. 22). On September 8, 2020, after Defendant has still not appeared, and no proof of service was filed on the docket, Judge

Schofield once again ordered that the U.S. Marshals' Service effect service on Defendant. (Dkt. 24). The next day, Judge Schofield amended her order to specify that the U.S. Marshals' Service should effect service on Defendant by certified mail. (Dkt. 25). Finally, a U.S. Marshals' form reflecting executed return of service, with an attached certified mail receipt, was filed on the docket, indicating that delivery occurred on or about September 17, 2020. (Dkt. 32).[1] This case was reassigned to the undersigned on September 29, 2020.

On November 24, 2020, Plaintiff Renzer Bell filed an Affidavit in Support of Equitable Demand for Entry of Default against the Defendant Charles Gray. (Dkt. 31). A Clerk's Certificate of Default was filed on the docket on December 4, 2020. (Dkt. 33). On December 8, 2020, this Court entered an Order construing Plaintiff's submission as a motion for default judgment. (Dkt. 34). The Court further ordered that (1) the Defendant shall file any opposition to the motion by January 5, 2021, and (2) the Defendant appear and show cause before the Court on January 20, 2021, at 3:30 p.m., why an order should not be issued granting a default judgment against Defendant. (*Id.*) On January 15, 2021, the Court directed that Plaintiff be prepared to discuss certain topics at the January 20, 2021 hearing, including any communication that Plaintiff had with Defendant regarding the litigation. (Dkt. 35).

Defendant failed to either appear at the January 20, 2021 Conference or file an opposition to Plaintiff's default judgment motion. At the January 20, 2021 Conference, the Court expressed concern as to whether Defendant had notice of the instant action and the default judgment hearing. As noted above, while service was purportedly made on Defendant by certified mail on September 17, 2020, the process receipt provided by the U.S. Marshals' Service bears the notation "signature illegible" and it is difficult to discern whether the signature on the mail receipt resembles

---

[1] This proof of service was originally filed on September 24, 2020 (Dkt. 26), and was refiled on November 30, 2020 to correct a technical error. (Dkt. 32).

Defendant's name. (Dkt. 32.) The Court further noted that the signature on the certified mail receipt does not appear to match the signature, purportedly made by Defendant, on the contracts attached to the Complaint as exhibits. *Compare* Dkt. 32 *with* Dkt. 1, Exhs. P, Q. During the Conference, the Court also questioned Plaintiff about Exhibit Y to his Complaint, which is a March 2, 2016 email in which Plaintiff asked Defendant to provide a new home address because Plaintiff "received return mail from the address . . . provided." *Id.*, Exh. Y. Plaintiff clarified that the address mentioned in this email correspondence was the same address used to attempt service in this case.

Because of these concerns, the Court finds it appropriate to attempt personal service of the summons and complaint on Defendant. The Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Charles Gray. The Clerk of Court is further instructed to issue an amended summons for Defendant and deliver to the U.S. Marshals' Service all the paperwork necessary for the Marshals Service to effect personal service on Defendant. A copy of this Order should be included in the paperwork that will be delivered to Defendant at the time of service.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff.

The Court also directs the Clerk of Court to issue an amended summons for Defendant Charles Gray, complete a USM-285 form with the service address for Defendant, 3574 Multiview Drive, Los Angeles, California, 90068, and deliver all documents necessary to effect personal service on Defendant to the U.S. Marshals' Service. Finally, a copy of this Order should be delivered to Defendant at the time of personal service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue.)

SO ORDERED.

Dated: January 25, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge