```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
RENZER BELL,                                    :
                                                :
                        Plaintiff,              :
                                                :       20 Civ. 1588 (JPC)
        -v-                                     :
                                                :       ORDER
CHARLES GRAY,                                   :
                                                :
                        Defendant.              :
                                                :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On May 23, 2021, Plaintiff filed an Affidavit in Support of Equitable Demand for Entry of Default Against the Defendant Charles Gray. Dkt. 42. The Court construes this affidavit as a motion for default judgment. The Clerk's Office docketed a Certificate of Default as to Defendant on May 28, 2021. Dkt. 43.

It is hereby ordered that Defendant shall file any opposition to the motion for default judgment by July 28, 2021. Plaintiff shall file any reply no later than August 11, 2021. It is further ordered that Defendant appear and show cause at a hearing before this Court on September 10, 2021, at 10:30 a.m., why an order should not be issued granting a default judgment against Defendant. That hearing shall take place telephonically. At the scheduled time, all parties should call (866) 434-5269, access code 9176261. In the event that Defendant does not appear, Plaintiff should be prepared to discuss: (1) any communications with Defendant or representatives for Defendant regarding their litigation and any intent to challenge the suit; and (2) the basis for Plaintiff's request for compensatory and incidental damages.

Further, Plaintiff is directed to file a letter with the Court by August 11, 2021, explaining why the liquidated damages provision in the contract at issue is enforceable. "[A] contractual

provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Paguirigan v. Prompt Nursing Emp. Agency, LLC*, 827 F. App'x 116, 119 (2d Cir. 2020) (quoting *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 (N.Y. 1977)). The Court is aware of at least two cases in this District, also filed by Plaintiff, where courts have found unenforceable liquidated damage provisions similar to those featured in the Complaint in this action. *See Bell v. Ebadat*, No. 08 Civ. 8965 (RJS), 2009 WL 1803835, at *4-5 (S.D.N.Y. June 16, 2009); *Bell v. Pham*, No. 09 Civ. 1699 (PAC), 2012 WL 13822, at *3 (S.D.N.Y. Jan. 4. 2012).

The Court respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff. Further, the Clerk of Court is directed to mail a copy of this Order to Defendant Charles Gray by certified mail at two addresses: (1) Yonkers KIA, 1850 Central Park Avenue, Yonkers, New York, 10710, and (2) 3574 Multiview Drive, Los Angeles, California, 90068.

SO ORDERED.

Dated: June 23, 2021
      New York, New York

                                            JOHN P. CRONAN
                                    United States District Judge