UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

        Plaintiff,

-against-

Charles Gray,

        Defendant.

Case No.: **20 CV 01588(LGS)(SLC)**

**NOTICE OF MOTION TO AMEND THE COMPLAINT**

STATE OF NEW YORK    )
COUNTY OF NEW YORK    ) SS.:

PLEASE TAKE NOTICE that upon the attached affidavit of Renzer Bell, affirmed on the __18th__ day of January 2022, and the exhibits attached thereto, and upon all the proceedings in this case to date, the Plaintiff, pro se, Renzer Bell will move this Court, at _____ on the _____ day of _____, at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom ____, for an Order, pursuant to Local Civil Rules Local Civil Rules 6.1, 6.2, 6.4, and 7.1, and Federal Rules of Civil Procedure 6, 12, and 15 granting the Plaintiff leave to amend the Complaint, and granting such other and further relief as the Court deems just, and equitable.

Dated: January 18, 2022

                                                                                Renzer Bell
                                                                                5736 Cleveland Road
                                                                               Jacksonville, Florida 32209

To:
David N. Saponara
Kudman, Trachten, Aloe, Posner, LLP
800 Third Avenue
11th Floor
New York, New York 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

                Plaintiff,

-against-

Charles Gray,

                Defendant.

Case No.: **20 CV 01588(LGS)(SLC)**

**AFFIDAVIT IN SUPPORT OF MOTION TO AMEND THE COMPLAINT AND PROOF THAT THE AMENDMENT IS VIABLE**

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) SS.:

Renzer Bell, makes the following affirmation under the penalties of perjury:

I, Renzer Bell, am Plaintiff in the above titled action, and respectfully move this Court to issue for an Order, pursuant to Local Civil Rules 6.1, 6.2, 6.4, and 7.1, and Federal Rules of Civil Procedure 6, 12, and 15, granting the Plaintiff leave to amend the Complaint, and granting such other and further relief as the Court deems just, and equitable.

The reasons why I am entitled to the relief I seek are the following:

1) The Plaintiff is informed and believes, and based thereon avers that the Agreement provides that it is governed by New York law (Compl. Ex. P ¶ 11), and neither party disputes that New York law applies in the instant action.

2) The Plaintiff is informed and believes, and based thereon avers that the legal argument, and sound logic expressed in the Memorandum Of Law's Legal Argument I is extracted directly from the Order of Hon. United States District Judge P. Kevin Castel issued on, or around December 9, 2014.

3) The Plaintiff is informed and believes, and based thereon avers that the Second Circuit Court of Appeals cited in the Order identified on the docket as docket no. 49, 13-cv-7916 (PKC), remain the controlling law in the Southern District of New York, and Second Circuit Court of Appeals.

4) The Plaintiff is informed and believes, and based thereon avers that the Order of the Court which demanded the filing of the instant motion to amend violates the Plaintiff's right to procedural due process since Hon. United States District Judge John P. Cronan created by way Order the schedule to

both file the defendant's instant motion to dismiss, and the Plaintiff's time to oppose, or otherwise respond to the motion to dismiss.

5) The Plaintiff is informed and believes, and based thereon avers that the Order of the Court <u>did not</u> state that the Plaintiff would deprived of the right to amend envisioned by Federal Rule of Civil Procedure 15 if the Plaintiff merely complied with the date identified in the Order to oppose, or otherwise respond.

6) The Plaintiff is informed and believes, and based thereon avers that defendant's motion to dismiss <u>was not</u> filed within the time allowed by Federal Rule of Civil Procedure 12 however the defendant was not deprived of the right to move pursuant to Federal Rule of Civil Procedure 12.

7) That the Plaintiff hereby seeks leave of this Court for leave to amend the Complaint but with reservation of the Plaintiff's right to seek redress of the violation of the Plaintiff's right to procedural due process by way of the available procedural devices identified by the Federal Rules of Civil Procedure, and Federal Rules of Appellate Procedure.

8) The Plaintiff is informed and believes, and based thereon avers that he did not own an automobile at the time of applying to proceed in forma pauperis.

9) The Plaintiff is informed and believes, and based thereon avers that he did not own real property at the time of applying to proceed in forma pauperis.

10) The Plaintiff is informed and believes, and based thereon avers that he did not have a personal bank account at the time of applying to proceed in forma pauperis.

11) The Plaintiff is informed and believes, and based thereon avers that he received the assistance of non-parties to the instant action to mail the Complaint to the Pro Se Intake Unit in, or around February 2020.

12) The Plaintiff is informed and believes, and based thereon avers that 28 U.S.C. § 1915(e)(2)(A) does not require the applicant to live in the woods, or in a tree to meet the requirements.

13) That the Plaintiff respectfully seeks leave of the Court for the opportunity to refute the outlandish allegations made by defendant's counsel by way either an in camera review of the relevant documents, and facts, or via the discovery process.

14) The Plaintiff is informed and believes, and based thereon avers that he met the qualification for in forma pauperis status, and that the application is both truthful, and substantiated by documents, and the knowledge of associates, and friends.

15) The Plaintiff is informed and believes, and based thereon avers that he made the in forma pauperis application in good faith as will be proven by the completion of discovery.

16) The Plaintiff is informed and believes, and based thereon avers that paying the filing fee for the instant action in February 2020 would create financial hardship for the Plaintiff which is what 28 U.S.C. § 1915(e)(2)(A) was created to avert.

17) That the proposed Amended Complaint is attached hereto as Exhibit 1.

WHEREFORE, the Plaintiff respectfully seeks leave of this Court for an Order, Local Civil Rules pursuant to Local Civil Rules 6.1, 6.2, 6.4, and 7.1, and Federal Rules of Civil Procedure 6, 12, and 15, granting the Plaintiff leave to amend the Complaint, and Federal Rules of Civil Procedure 6, 12, and 15, granting the Plaintiff leave to amend the Complaint, and granting such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing statements are true and correct.
Affirmed on the 18th day of January, 2022

*Renzer Bell II*
Renzer Bell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

        Plaintiff,

-against-

Charles Gray,

        Defendant.

Case No.: **20 CV 01588(LGS)(SLC)**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT**

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) SS.:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT**

LEGAL POINT I – Subject-Matter Jurisdiction

The standard governing a Rule 12(b)(1) motion is the same as that governing a motion under Rule 12(h)(3). Greystone Bank, 2010 WL 3325203, at *1; Peterson, 970 F. Supp. at 248–49 (citing Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n.3 (3d Cir. 1992)). On such a motion, a district court draws all facts from the complaint, assuming them to be true and construing all reasonable inferences in the Plaintiff's favor. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011). But to the extent that any jurisdictional facts are in dispute, the court may consider evidence outside the pleadings.

In opposing a Rule 12(b)(1) motion, the Plaintiff bears the burden of proving by a preponderance of the evidence that subject-matter jurisdiction exists. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). When the challenge is to the sufficiency of the amount in controversy, however, that burden is "hardly onerous," because there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)). "To overcome [that] presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

District courts have subject-matter jurisdiction over actions between citizens of different States in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The Plaintiff's

complaint claims $75,980.00 in "liquidated damages" (reflecting the liquidated damages amount in exhibits P, and Q to the Complaint), in the First, and Third Causes of Action. This establishes the presumption that the amount-in-controversy threshold has been met. The defendant attempts to rebut the presumption by arguing that the Agreements' liquidated damages clauses are in fact an unenforceable penalties.

A provision for liquidated damages "is an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement." Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.2d 420, 424 (1977).[2] In New York, courts will uphold a liquidated damages provision "if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." (JMD Holding Corp. v. Congress Fin. Corp., 4 N.Y.3d 373, 380 (2005) (quoting Truck Rent-A-Center, 41 N.Y.2d at 425). If these two conditions are not met, the provision is deemed to operate as a penalty and is unenforceable as a matter of public policy. The defendants contends that this is the case for the provisions at issue here.

Neither the defendant nor Hon. United States District Judge John P. Cronan, however, has addressed the threshold question whether it is appropriate for a United States District Court to consider such an argument on a motion to dismiss for lack of subject-matter jurisdiction. The case law concludes that it may not do so. In this Circuit, "affirmative 'defenses asserted on the merits' may not be used to whittle down the amount in controversy." Scherer, 347 F.3d at 397 (quoting Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982)). The assertion that a liquidated damages clause is in fact an unenforceable penalty is an affirmative defense. See Fed. Realty Ltd. P'ship v. Choices Women's Med. Ctr., Inc., 289 A.D.2d 439, 442 (2d Dep't 2001) (characterizing such an argument as an affirmative defense); Edwards Andrews Grp., Inc. v. Addressings Servs. Co., No. 04 Civ. 6731(LTS)(AJP), 2005 WL 3215190, at *3–4 (S.D.N.Y. Nov. 30, 2005) (granting leave to the defendant to amend its answer to assert, as an affirmative defense, that a liquidated damages clause was unenforceable); see generally JMD Holding, 4 N.Y.3d at 380 ("The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty."). Accordingly, the Court cannot entertain a challenge to the validity of the liquidated damages provision on this motion. See Wells Fargo Equip. Fin., Inc. v. Woods at Newtown, LLC, No. 10 Civ. 9439(CM), 2011 WL 4433108, at *7 (S.D.N.Y. Sept. 23, 2011) (holding that the fact that a liquidated damages provision had been found to be penalty was irrelevant to the court's subject-matter jurisdiction).

The Zacharia case is illustrative and parallels the facts here. In Zacharia, the plaintiff sued a hotel for the loss of jewelry stored in the hotel's safety deposit box. The district court dismissed the case, finding the amount-in-controversy requirement not met, because it determined that a

Florida statute limiting the hotel's liability to $1,000 would apply. A panel of the Second Circuit reversed, explaining that "dismissal [would] contravene[] the rule that the existence of a valid defense does not deprive a federal court of jurisdiction." Zacharia, 684 F.2d at 202. Here, as in Zacharia, the face of the complaint asserts a claim for more than the jurisdictional amount, which is possibly subject to an affirmative defense (in Zacharia, the application of the Florida statute, and here, the rule against penalty clauses) that would reduce the amount in controversy below the jurisdictional threshold. Zacharia thus mandates the approach adopted, and the motion to dismiss must be denied.

Additionally, the Plaintiff expounds upon the nature of the subject high-line automobile transactions, provides a copy of a cashier's check representing earnest money tendered, and clearly demonstrates in the proposed Amended Complaint at exhibit 2 that earnest money of $35,000.00 is common place when securing the right purchase an automobile a sales price in excess of $200,000.00. In the instant action, the proposed Amended Complaint avers that the subject 2016 McLaren 675LT had a Manufacturer's Suggested Retail Price in excess of $365,000.00, and an earnest money requirement of twenty (20) percent, or more depending on the internal practice of the respective high-line car dealer[Exhibit 1 at paragraphs seventeen (17), and one hundred four (104). Applying the twenty (20) percent earnest money requirement to the 2016 McLaren 675LT yields an earnest money requirement of not less than $73,000.00.

The defendant's motion to dismiss fails to meet the legal standard to prove that the liquidated damages clause is an unenforceable penalty to a "legal certainty", and the Court should not dismiss the instant action premised upon the allegation that the liquidated damages clause is an unenforceable penalty.

LEGAL POINT II – THE PLAINTIFF MET THE REQUIREMENTS FOR THE APPLICATION TO AVOID PAYING THE STATUTORY FEE TO INITIATE THE INSTANT ACTION

The first case submitted by the defendant, Humbach v. Canon WL 1369464, stands in stark contrast to the circumstances, and facts in the instant action since the determination that the Plaintiff made material misrepresentations in her in forma pauperis was made after the completion of discovery. Here, the Court gives credence to wild allegations made by the defendant's counsel which are unsupported by documents. Furthermore, the defendant's counsel asks the Court to truncate time, and move emergency purchases in 2021 into February 2020 when the Complaint was filed.

The relief sought by the defendant is fact dependent, and raises an issue of fact that should not be resolved without the proofs deduced in the discovery process. The defendant asks the Court to not only dismiss the instant action but dismiss the instant action with prejudice purely based upon supposition, and unfounded allegations, and before discovery is begun. The defendant has failed find a bank account owned by the Plaintiff at times relevant to the application for in forma pauperis status with the Court, failed to identify securities, IRA, or other liquid, or semi-liquid assets that would support the allegation that the Plaintiff's application was made in bad faith.

Dated: January 18, 2022

*Renzer Bell*
Renzer Bell
5736 Cleveland Road
Jacksonville, Florida 32298

To:
David N. Saponara
Kudman, Trachten, Aloe, Posner, LLP
800 Third Avenue
11th Floor
New York, New York 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

        Plaintiff,

 -against-

Charles Gray,

        Defendants.

Case No.: **20 CV 01588(JPC)(SLC)**

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) SS.:

Renzer Bell, makes the following affirmation under the penalties of perjury:

I, Renzer Bell, am Plaintiff in the above titled action, and declare subject to penalty of perjury that on January 19, 2022, I served one (1) true copy each of the annexed Notice of Motion, Affidavit In Support Of Motion, Memorandum Of Law, and accompanying exhibits in the following manner:

By delivering the aforementioned documents to a United States Post Office, under the exclusive management and control of the United States Postal Service, addressed to the attorney(s) for the defendants as indicated below:

David N. Saponara
Kudman, Trachten, Aloe, Posner, LLP
800 Third Avenue
11th Floor
New York, New York 10022

Affirmed on the 19th day of January 2022

                                                                           _/s/ Renzer Bell_
                                                                               Renzer Bell